James P. Watson, (SBN 046127)
Bruce K. Leigh (SBN 129753)
STANTON, KAY & WATSON, LLP
101 New Montgomery, Fifth Floor
San Francisco, CA 94105
Telephone: (415) 512-3501
Facsimile: (415) 512-3515

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MORENO as CHAIRMAN and LARRY TOTTEN as CO-CHAIRMAN of the BOARD OF TRUSTEES FOR THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,

Plaintiffs,

v.

FERMA CORPORATION, a California corporation; and ROY FERRARI, an Individual,

Defendants.

Case No.: C 05 0688

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TO RECOVER TRUST FUND CONTRIBUTIONS, TO CONFIRM ARBITRATION AWARD AND FOR A MANDATORY INJUNCTION

[29 U.S.C. § 185(a) and 29 U.S.C. § 1145]

Now come the plaintiffs, hereinabove named, and for their causes of action against defendants, and each of them, allege as follows:

## I. JURISDICTION AND VENUE

1.  This is an action for damages, including trust fund contributions, and for injunctive relief, for breach of the collective bargaining agreements described below. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended)

-1-

("ERISA"). The suit arises from the defendants' failure to make trust fund contributions and to submit to an audit of their books and records as demanded of them by the trust funds specified hereunder, and as required by its collective bargaining agreements, by the written Trust Agreements and by provisions of federal law.

    2.    Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are due and payable in the Northern District of California.

## II. PARTIES

    3.    Plaintiff Jose Moreno is the Chairman and Plaintiff Larry Totten is the Co-Chairman of the Board of Trustees for the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("trust funds") are trust funds organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The trust funds were established through collective bargaining agreements between the Northern California District Council of Laborers and an employer association representing construction industry employers doing business in Northern California. The trust funds are employee benefit plans created by written trust agreements subject to and pursuant to § 502(d)(1) and §§ 3(3), 3(37) of ERISA, 29 U.S.C. §§ 1002(3)(37). The principal offices of the trust funds are in Fairfield, California.

    4.    Each of the trust funds named herein is a third party beneficiary of the collective bargaining agreements described below.

    5.    Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendants Ferma Corporation and Roy Ferrari (hereafter jointly referred to as "defendants") were and are a business entity with their principal place of business located in Mountain View, California. Plaintiffs are further informed and believe, and upon that ground allege,

-2-

that Ferma Corporation is and has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Plaintiffs are informed and believe, and upon that ground allege, that defendant Roy Ferrari is an individual who owns, operates and controls defendant Ferma Corporation. Defendants Ferma Corporation and Roy Ferrari constitute a single employer.

6. At all times mentioned herein, each of the trust funds is an express trust created by a written Trust Agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

7. The trust funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees to the trust funds, the trustees and Plaintiffs as Chairman and Co-Chairman of the Board of Trustees to the trust funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the trust funds. All such contributions are required to be made in Fairfield.

### III.   FIRST CLAIM FOR RELIEF
#### (Breach of Collective Bargaining Agreement)

8. At all times material hereto, defendants were bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendants further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers' Union.

9. By virtue of the Master Agreement and written trust agreements, defendants promised and agreed that they would: (1) pay trust fund contributions into each trust fund in regular monthly

-3-

installments commencing on or before the 15th day of the month immediately succeeding the month for which contributions were first due; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay, as liquidated damages, and not as a penalty, the amount specified as such damages in the Trust Agreements and the collective bargaining agreement; (3) if any suit with respect to any of said contributions or payments were filed against them, defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit; and (4) in addition defendants agreed that each and all of their subcontractors performing covered work at any project site would contribute the required sums to each of the Trust Funds.

10. The Agreement between the Laborers' Union and defendants has never been terminated.

11. Within four years last past, defendants materially breached and broke the aforesaid agreements by failing to make required contributions to the trust funds for each hour worked by covered laborer personnel.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Agreement, Master Agreement and Trust Agreements.

13. As a result of said breaches, defendants have become indebted to Plaintiffs as Chairman and Co-Chairman of the respective trust funds, in an amount not less than $68,475.55 and according to proof at trial.

14. Interest will continue to accrue during the pendency of this lawsuit.

15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

///

///

///

## IV.   SECOND CLAIM FOR RELIEF

### (To Confirm Arbitration Award)

16. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-15 of this Complaint.

17. As a signatory contractor, defendant Ferma Corporation is obligated to submit grievances regarding trust fund contribution payments to arbitration under the auspices of the Contract Administration Trust Fund Board of Adjustment. On or about January 19, 2005, at a regularly convened meeting of the Board of Adjustment, Arbitrator Gerald McKay entered a judgment requiring Ferma Corporation to make payment of delinquent trust fund contributions owed by its subcontractor Forsgren & Associates Construction, as set forth in said award. A true copy of said award is attached hereto as **Exhibit A**.

18. Defendant Ferma Corporation was present at the Board of Adjustment meeting and had a full opportunity to present all evidence in mitigation of the claim. Defendant Ferma Corporation has received due notice of the arbitration award.

19. By this action, plaintiffs seek an order confirming the Board of Adjustment's award as set forth in the determination of Gerald McKay dated January 19, 2005.

## V.   THIRD CLAIM FOR RELIEF

### (Mandatory Injunction)

20. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-19 of this Complaint.

21. Pursuant to the terms and conditions of the trust agreements and Master Agreement, which expressly incorporates the trust agreements, defendants are required to allow plaintiffs access to their books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the trust funds are fully and correctly made. The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective

COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TO RECOVER TRUST FUND CONTRIBUTIONS, TO CONFIRM ARBITRATION AWARD AND FOR A MANDATORY INJUNCTION

1  bargaining agreements referred to herein comply with the terms of the agreements with respect to the
2  payment of contributions to the trust funds. The written trust agreements provide that the trust funds
3  may select an auditor of their choice to conduct the audit of the books and records produced. Despite
4  demand by Plaintiffs to allow its auditors to inspect the books and records of defendants which is
5  renewed by virtue of this Complaint, defendants failed and refused to allow Plaintiffs' auditors access
6  to its books and records to determine the amount of trust fund contributions due and owing in
7  accordance with the provisions of the written trust agreements.

8  22.  Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring
9  defendants to permit plaintiffs' auditor access to the books and records of defendant, in order to
10 permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds.

11 23.  Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no
12 adequate legal remedy in that an audit of the books and records of defendant is the only means to
13 accurately verify the additional amounts owed by defendant to the Trust Funds.

14 WHEREFORE, Plaintiffs pray for judgment as set forth below.

### VI. RELIEF REQUESTED

16 WHEREFORE, Plaintiffs pray for judgment as follows:

17 1.  On the First Claim for Relief, for damages in an amount not less than $68,475.55 and
18 according to proof at trial and after plaintiffs have had the opportunity to conduct an audit of
19 defendants' books and records, costs of suit herein, attorneys' fees and costs, and such other and
20 further relief as the Court may deem proper.

21 2.  On the Second Claim for Relief, that the court enter an order confirming that certain
22 Board of Adjustment arbitration award entered on January 19, 2005 against defendant Ferma
23 Corporation.

24 3.  On the Third Claim for Relief, that defendants be compelled to forthwith submit to an
25 audit by an auditor selected by Plaintiffs, which audit is to be conducted at the premises of
26 defendants during business hours, at a reasonable time or times, and to allow said auditor to examine
27 and copy such books, records, papers and reports of defendants that are relevant to the enforcement of
28 ///

the collective bargaining agreement and Trust Agreements, including, but not limited to, the following for the period of January 1, 2001 through the present:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

In addition, Plaintiffs seek costs of suit herein, attorneys' fees and costs and such other and further relief as the Court may deem proper.

DATED: February 14, 2005

STANTON, KAY & WATSON, LLP

By _____
JAMES P. WATSON

Attorneys for Plaintiffs

F:\CASES\7000\7000.1029 Ferma Corporation\PLEADINGS\COMPLAINT.doc

**COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TO RECOVER TRUST FUND CONTRIBUTIONS, TO CONFIRM ARBITRATION AWARD AND FOR A MANDATORY INJUNCTION**

## Minutes
## Contract Administration Trust Fund
## Board of Adjustment
January 19, 2005

**BOARD OF ADJUSTMENT**
NA 1405-10/26/04 (a,b) Laborers Local 304 vs. a) Ferma Corporation (General) /
b) Forsgren & Associates (Sub)

**EMPLOYER PANEL**
Michael Talia, AGC of California, Inc.
Sean O'Donoghue, AGC of California, Inc.

**UNION PANEL**
Cedric Porter, N.C.D.C.L.
Gary Sharette, Laborers Local 185

**EMPLOYER REPRESENTATIVE**
Roger Mason, Attorney for Ferma Corp.
Sweeney, Mason, Wilson & Bosomworth

**UNION REPRESENTATIVE**
Antonio Ruiz, Laborers Local 304

**NEUTRAL ARBITRATOR:**
Gerald McKay

**ISSUE:** Trust Fund Contributions

**UNION POSITION:**
Union contends that Forsgren & Associates has failed to properly pay fringe benefit contributions on behalf of its employees and requests that an audit be performed to determine monies owed. The Union further requests that the employer be directed to pay the amount determined to be owed by the audit.

**COMPANY POSITION:**
The Employer agreed that there are monies owed, however, agreed that back payment of fringes should be limited to the window period of 75 days from the original delinquency notification by the Trust Fund, to the General Contractor.

**PANEL DECISION (Part A) & ARBITRATOR DECISION (Part B):**
Panel Decision, Part A - The evidence establishes that Forsgren & Associates Construction failed to pay the Laborers on its payroll, Trust Fund benefits for the months of April, May, June & July 2004. Forsgren owes the Trust Funds $ 59,968.76 in benefit contributions and $ 8,506.79 in liquidated damages for a total of $ 68,475.55. Forsgren is expected to pay this amount, to the Trust Fund, within 15 days of this decision.
Arbitrator's Decision, Part B - Ferma Corporation is the general contractor which retained the services of Forsgren & Associates Construction. Ferma was notified, by the Trust Fund, that Forsgren was delinquent in the payment of benefits in May 2004 and August 2004. Ferma Corporation is liable for delinquencies of which were notified within 75 days after the Trust Fund became aware of the delinquency. The Trust Fund would not be aware of the delinquencies for hours worked in April until June. Once the Trust Fund becomes aware of the delinquency the Trust Fund has 75 days to notify the General Contractor of delinquencies of its subcontractors. The Trust Fund notice sent in August covers the hours worked in April and all subsequent months.

**EXHIBIT A**

After the Trust Funds exhausts all reasonable efforts to collect the money owed by Forsgren, Ferma is directed to pay the Trust Fund the outstanding amount. Whatever amount Ferma is required to pay, Forsgren is directed to reimburse Ferma for these payments.

Gerald McKay, Arbitrator